797 So.2d 1291 (2001)
T.H., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-837.
District Court of Appeal of Florida, Fourth District.
October 31, 2001.
Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Michael J. Neimand, Assistant Attorney General, Fort Lauderdale, and Steven A. Halim, Legal Intern, Nova Southeastern University, Shepard Broad Law Center, Fort Lauderdale, for appellee.
*1292 GROSS, J.
We affirm appellant's conviction for battery on a school board employee. § 784.081(3), Fla. Stat. (2000).
We reverse the conviction for knowingly disrupting or interfering with the lawful administration or functions of an educational institution. § 877.13(1)(a), Fla. Stat. (2000). The statute seeks to prohibit acts which are "specifically and intentionally designed to stop or temporarily impede the progress of any normal school function or activity occurring on the school's property." M.C. v. State, 695 So.2d 477, 483 (Fla. 3d DCA 1997).
Appellant got into a fight with another student on a high school campus at 7:00 a.m., before school began. The fight was over a girl. The fuel for the fight was jealousy. There was no evidence of knowing or intentional conduct designed to disrupt a school function or activity. Also, no school function or activity was taking place at the time and location of the fight. Unlike A.C. v. State, 479 So.2d 297 (Fla. 3d DCA 1985), appellant did not pick a fight with students waiting to go home on the school bus; transportation of students to and from school is clearly part of the administration of an educational institution under section 877.13(1). See id. at 298.
We remand for the trial court to enter a new disposition order reflecting only the battery conviction.
KLEIN and SHAHOOD, JJ., concur.